**Youjin JIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States**

**Attorney General,\* Respondent.**

**No. 08–3468–ag.**

United States Court of Appeals,
Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, JON O. NEWMAN, JOHN M. WALKER, JR., Circuit Judges.

### SUMMARY ORDER

Petitioner Youjin Jiang, a native and citizen of the People's Republic of China, seeks review of a June 23, 2008 order of the BIA, affirming the June 26, 2007 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied her motion to reopen. *In re Youjin Jiang*, No. A073 666 362 (B.I.A. Jun. 23, 2008), *aff'g* No. A073 666 362 (Immig. Ct. N.Y. City Jun. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Jiang's untimely motion to reopen.

Jiang argues that the agency erred in concluding that she failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Further, there is nothing in the agency's decisions compelling the conclusion that it failed to take into account all of Jiang's evidence as we "presume that

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

[the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006).

Finally, the agency's determination that Jiang was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).